UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LAURA CASTRO,

    Plaintiff,

v.

ARS NATIONAL SERVICES INC.,
*a California Corporation,*

    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. §1692 et seq. ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act* pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Laura Castro, ("Plaintiff"), is a natural person and citizen of the State of Florida, residing in Saint Lucie County, Florida.

5. Defendant, ARS National Services Inc., ("Defendant"), is a California Corporation engaged in the business of collecting consumer debts which operates from offices located at 201 West Grand Avenue, Escondido, California 92025.

6. Defendant regularly engages in interstate commerce, reaching into the State of Florida using the mail and telephone in a business which attempts to collect consumer debts.

7. Defendant is licensed in Florida as a Consumer Collection Agency, license number CCA0900417.

8. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts. Defendant is a "debt collector" as defined in *15 U.S.C. §1692a(6)*.

9. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FDCPA FACTUAL ALLEGATIONS

10. Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquent PayPal Credit account. The PayPal Credit account was not acquired for any commercial purpose. The debt was incurred primarily for personal, household or family purposes.

11. Plaintiff received a letter dated June 3, 2015 from Defendant in regard to an alleged debt owed by Plaintiff. (The "Demand Letter" attached hereto as "Exhibit 1").

12. The Demand letter states, in part:

> We are offering to settle your account for $464.82. If you cannot make the settlement payment by 7/8/2015, please contact us to discuss all your payment options. We reserve the right to treat any missed or late payment as a cancellation of the agreement. We are not obligated to renew this offer.

> xxxx
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

13. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

14. Defendant's Demand Letter states that Plaintiff must pay the debt by July 8, 2015.

15. Plaintiff received the Demand Letter on June 11, 2015.

16. The language contained in the Demand Letter is false and misleading.

17. *15 U.S.C. §1692e (10)* states:

    > A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    >
    > xxxx
    >
    > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

18. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## COUNT I

## VIOLATIONS OF *15 U.S.C. §§ 1692g and 1692e*

19. Plaintiff re-alleges Paragraphs 1 through 18.

20. Defendant's Demand Letter seeks payment of an alleged debt prior to the expiration of the thirty (30) day dispute period as outlined in *15 U.S.C. §1962g(a)(3)*. While Defendant's Demand Letter contains the correct disclosure regarding disputing a debt, i.e. the "Validation Notice" required by *15 U.S.C. §1692g*. The Validation Notice itself is overshadowed by the contradictory language contained in the Demand Letter which demands payment of the debt within twenty-seven (27) days of the date of the Demand Letter.

21. The language contained in the Demand Letter would be deceptive to the least sophisticated consumer with regard to his or her rights since there are conflicting and contradictory deadlines. The least sophisticated consumer may understand that they are required to pay the debt by 7/8/2015, despite the clear wording of *15 U.S.C. § 1692g* which allocates a full thirty (30) days from receipt of the letter to dispute the debt.

22. Plaintiff received the Demand Letter on June 11, 2015.

23. *15 U.S.C. §1692g(b)* would require Defendant to cease all collection activities if a written request for validation of the debt was received within thirty (30) days of receipt of the Demand Letter until Defendant fulfilled the requirements of *15 U.S.C. §1692g(b)*. Defendant, by stating in the Demand Letter that payment must be received by 7/8/2015, misleads the least sophisticated consumer into believing that even if they disputed the debt and/or sought validation of the debt after the requested cut off of July 8, 2015 and before the statutory thirty (30) day dispute deadline, Defendant's collection activity could continue.

24. Defendant's statement "We reserve the right to treat any missed or late payment as a cancellation of the agreement. We are not obligated to renew this offer." would mislead the least sophisticated consumer and create a false sense of urgency as the time period to pay $464.82 would expire prior to the statutory time frame of thirty (30) days to dispute the debt.

25. Defendant's statement "We are not obligated to renew this offer." would mislead the least sophisticated consumer to believe Defendant's $464.82 offer was a one-time only offer.

26. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

27. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

   a. An award of statutory damages for Plaintiff pursuant to *15 U.S.C. §1692k*;

   b. Attorney's fees, litigation expenses and costs of the instant suit; and

   c. Such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: July 1, 2015.

                          Respectfully submitted,

                          */s/ Leo W. Desmond*
                          Leo W. Desmond, Esq.
                          DESMOND LAW FIRM, P.C.
                          Florida Bar No. 0041920
                          5070 Highway A1A
                          Suite D
                          Vero Beach, Florida 32963
                          Telephone: (772) 231-9600
                          Facsimile: (772) 231-0300
                          lwd@verobeachlegal.com
                          *Attorney for Plaintiff*

                          */s/ S. Keley Jacobson*
                          S. Keley Jacobson, Esq.
                          DESMOND LAW FIRM, P.C.
                          Florida Bar No. 102200
                          5070 Highway A1A
                          Suite D
                          Vero Beach, Florida 32963
                          Telephone: (772) 231-9600
                          Facsimile: (772) 231-0300
                          jacobson@verobeachlegal.com
                          *Attorney for Plaintiff*